## John Dupree v. The State.

### No. 4168.    Decided May 12, 1909.

1.—Burglary—Withdrawal of Announcement of Ready for Trial—Continuance—Discretion of Court.

Where upon trial for burglary, after the State rested its case and the defendant had introduced some of his testimony, he asked for a withdrawal of his announcement of ready for trial, and a continuance or postponement on account of surprise at the testimony of the chief State's witness, on the ground of a conflict of said testimony with that given by said witness in his examining trial testimony, with reference to the time of the alleged offense, and it appeared from the record that this conflict was an evident error which could not have misled the defendant, and which he could easily have corrected by the testimony of the witnesses present, there was no error in the exercise of the trial court's discretion in overruling the application.

2.—Same—Charge of Court—Night-time Burglary—Force—Entry.

Where the offense was a night-time burglary and there was no occasion for the court to define the terms force or entry, there was no error.

3.—Same—Sufficiency of the Evidence—Identification.

Where upon trial for burglary the defendant was sufficiently identified, and the evidence being otherwise sufficient, the conviction will not be disturbed.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, five years confinement in the penitentiary.

The opinion states the case.

*K. C. Barkley,* for appellant.—On question of withdrawal of announcement and postponement of the case: Shulze v. State, 28 Texas Crim. App., 316; Adams v. State, 19 Texas Crim. App., 1;

Hodde v. State, 8 Texas Crim. App., 382; Roach v. State, 21 Texas Crim. App., 249, 17 S. W. Rep., 464. On question of force: Strickland v. State, 78 S. W. Rep., 689; Watson v. State, 49 Texas Crim. Rep., 371, 16 Texas Ct. Rep., 73; Bates v. State, 50 Texas Crim. Rep., 568, 17 Texas Ct. Rep., 967.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County on a charge of burglary, and his punishment assessed at confinement in the penitentiary for a period of five years.

The facts briefly show that Stephen Pugh, an old man something like seventy-five years of age lived with a partly demented daughter in the outskirts of Houston, and, as stated by him on Saturday, October 31, 1908, after his return from his work and after he had supper and had gone to bed, appellant opened the door of his residence, grabbed his pants containing some ten dollars in money and fled. Appellant denied the charge and claimed not to know where Stephen Pugh lived or to have any complicity in the transactions out of which the charge arose.

1. The main error assigned relates to the action of the court in overruling the application of the appellant to withdraw his announcement of ready and continue or postpone the hearing on account of his surprise at the testimony of the witness Stephen Pugh. The statement of facts shows that this witness had testified on direct examination at considerable length, and was cross-examined fully by counsel for appellant. The witness Hall, who kept a grocery store, referred to hereafter, had also testified at length, and one witness for defendant had testified quite fully on direct and cross-examination before this application to postpone the trial was filed. On the trial the old man testified that he had been at work at Bering's mill in Houston Heights, where he saw appellant; that he next saw him at Hall's grocery store; that he was at this last named place at about 7 o'clock in the evening; that it took him about a half an hour or an hour to go home and that after reaching home he had supper and then went to bed and had been in bed fifteen minutes or a half hour when appellant reached his house. This would place the time of the robbery, if we assume that he left Hall's store at 7 o'clock and took an hour, as he says, to go home, and thirty minutes within which to get supper, and had been in bed fifteen minutes, at about 8:45 or 9 o'clock. Appellant's surprise grew out of the fact that the testimony of this witness given on the examining trial contains a statement that he was at Hall's store about 11 o'clock. His full statement, as contained in the statement of facts, is as follows: "On October 31, 1908, I occupied a house in Harris County, Texas. It was my residence. John Dupree came

into my house last Saturday night. He lifted the latch and came up to the house. He came creeping in. I grabbed at him when he snatched my pants; I was home in my house. I first saw him at Bering's Mill at Houston Heights. I saw him next at Mr. Hall's store; this was about 11 o'clock at night. He followed me from Hall's store to my house, and I had only been in about fifteen minutes when he came into my house. He had no right in my house and I gave him no authority to come in there." Pugh in his testimony denies having said on his examining trial that he was at Hall's store at 11 o'clock, and said that if the record so showed that it was untrue and incorrect. Mr. Hall's testimony places both Pugh and appellant at his store on this night at about 7 o'clock or 7:30 o'clock. By the slightest diligence it was easily possible for appellant to have ascertained definitely Hall's information about the matter; nor is there any showing that any effort was made to ascertain the true facts from Hall or Pugh. This testimony taken altogether advises appellant of these facts: That Pugh would testify that he saw appellant at the mill where he, Pugh, worked; that he saw him at Hall's store and that he was followed to his residence by him. Appellant admits seeing Pugh at the mill early in the evening and admits seeing him at Hall's store. Hall's testimony in this connection discloses the fact that Pugh had money and exhibited it and that appellant was lingering about the store apparently without any object or business and was paying careful attention to Pugh. We think, ourselves, that the facts all show that the figures "11," as contained in testimony of this witness taken at the examining trial, was an evident error, and that under all the circumstances appellant could not have been misled by the appearance of "11," instead of the time evidently meant, "7" o'clock. In this connection it may be further stated that appellant did not in terms aver in his motion for postponement where he was, at 8 or 9 o'clock, or that he could produce witnesses showing his whereabouts at that time. Attached to his motion for new trial is the affidavit of one Roberson, who says that he saw appellant at his house about 7:30 or 8 o'clock, and later about a half or three quarters of an hour after this he passed appellant's house and saw him sitting at the supper table. This time is somewhat indefinitely stated, and in view of the testimony of other witnesses who testified that they saw appellant between 9 and 10 o'clock, quite a distance from his home, and inquiring for an old man, whom he said was his uncle, whose name he was unable to give and whom he could only describe as a man having a mindless daughter, it is clear to us that the affidavit of Roberson, if necessarily in conflict with the other testimony, is obviously untrue. The application to postpone the case was a matter addressed to the sound discretion of the trial court, and unless we are prepared to say it had been clearly abused, we do not feel that we should interfere. Matters of this sort can better

be determined by a capable and careful judge on the ground than by this court at this great distance from the scene of the trial.

2. There is no merit in the other contentions of appellant. This was a night-time burglary and there was no occasion or necessity for the court to define the terms "force" or "entry." We have recently held that this is not always essential even in day time burglary. See Geo. Brown v. State, decided at present term.

3. There is some question made as to the sufficiency of the evidence touching the identification of the accused by the witness Pugh. This objection goes to the weight of the testimony. The identification, it may be conceded, is not as definite or the circumstances so conclusive as ordinarily might be desired, but it is, however, positive, and in the light of the verdict of the jury we do not feel that we should interfere.

It is therefore ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*